UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERONICA TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV1736 RLW |
| ) | |
| SWEETIE PIE'S AT THE ) | |
| MANGROVE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, Motion to Compel filed on March 1, 2016 (ECF No. 46). The Court issued an Order to Show Cause on March 22, 2016, directing Plaintiff to show cause within fourteen (14) days of the date of this Order why this case should not be dismissed under Fed. R. Civ. P. 37(b)(2)(A)(v) for failure to comply with this Court's Case Management Order pertaining to discovery in this cause of action. (ECF No. 47) Plaintiff has failed to respond to said order or otherwise respond to Defendant's motion, and the time for doing so has expired.

Plaintiff filed her original complaint *pro se* on October 14, 2014. (Compl., ECF No. 1) She filed an Amended Complaint on January 15, 2015 by and through counsel. (Am. Compl., ECF No. 29) In the Amended Complaint, Plaintiff alleges that, while employed as a cook at Defendant's restaurant from October 2012 to November 2012, she was sexually harassed and discriminated against on the basis of sex. She also contends that Defendant retaliated against her by constructively discharging her from employment. Plaintiff claims that the actions of Defendant violated her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

On August 5, 2015, the Court issued a Case Management Order ("CMO"), setting forth, *inter alia*, discovery deadlines in this case. (ECF No. 44) Under the CMO, Initial Disclosures under Rule 26(a)(1) were due no later than February 1, 2016. On November 11, 2015, Defendant served its First Request for Production of Documents. (Def.'s Mot. to Dismiss Ex. A, ECF No. 46-1) According to Defendant, counsel granted Plaintiff an additional 30 days to respond to the request. On February 8, 2016, defense counsel sent an email to counsel for Plaintiff requesting the Rule 26(a)(1) Initial Disclosures and responses to the Request for Production. (Def.'s Mot. to Dismiss Ex. B, ECF No. 46-2) On February 19, 2016, Plaintiff's counsel contacted and spoke with defense counsel, requesting until February 26, 2016 to produce the disclosures and discovery. Counsel for Defendant consented to the extension of time. However, Plaintiff failed to provide Initial Disclosures or responses to the Request for Production.

On March 1, 2016, Defendant filed a Motion to Dismiss, or in the Alternative, Motion to Compel. Defendant maintains that this lawsuit should be dismissed because Plaintiff has failed to make Rule 26(a)(1) Initial Disclosures or respond to Defendant's First Request for Production of Documents. Plaintiff did not respond to Defendant's motion or this Court's Order to Show Cause issued March 22, 2016.

Under Federal Rule of Civil Procedure 37 the district court may impose sanctions where a party fails to obey an order to provide or permit discovery, including dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). However, under Eighth Circuit precedent, "[b]ecause dismissal is an extreme result, we have allowed dismissal 'to be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order;

and (3) prejudice to the other party.'" *Schubert v. Pfizer*, 459 F. App'x 568, 572 (8th Cir. 2012) (quoting *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000)).

Here, the Court has not previously issued an order compelling discovery to warrant dismissal under Rule 37. Therefore, the Court will deny Defendant's motion to dismiss and grant its motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Motion to Compel filed on March 1, 2016 is **GRANTED** as to the Motion to Compel and **DENIED** as to the Motion to Dismiss (ECF No. 46).

**IT IS FURTHER ORDERED** that Plaintiff shall provide Initial Disclosures and responses to Defendant's First Request for Production no later than **Friday, April 22, 2016**. Failure to comply with this Court's Order may result in sanctions, including possible dismissal of Plaintiff's case for failure to comply with a discovery order, failure to comply with orders of this Court, and failure to prosecute.

Dated this 11th day of April, 2016.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**